# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07-CV-1645 CAS |
| BODEGA BARS USA, LLC, d/b/a Mosaic Restaurant, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movants Aimee Boss and Morgan Hagedon's motion to intervene in this action as parties plaintiff pursuant to Federal Rule of Civil Procedure 24(a).

This action was commenced on September 21, 2007, when the Equal Employment Opportunity Commission ("EEOC") filed a complaint against defendant Bodega Bars USA, LLC. The complaint alleges that defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and Title I of the Civil Rights Act of 1991 by committing unlawful employment practices with respect to its employees, Aimee Boss and Morgan Hagedon, subjecting them to sexual harassment by defendant's customer and investor, and constructively discharging them. On November 29, 2007, movants filed the motion to intervene as a matter of right in this action, citing 42 U.S.C. § 2000e-5(f)(1) and Rule 24(a)(1), Federal Rules of Civil Procedure.

Under 42 U.S.C. § 2000e-5(f)(1), an aggrieved employee has an absolute right to intervene in a civil action brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1); see EEOC v. Contour Chair Lounge Co., 596 F.2d 809 (8th Cir. 1979). Federal Rule of Civil Procedure 24(a), however, imposes

the requirement that the application to intervene be timely. Nevilles v. EEOC, 511 F.2d 303 (8th Cir. 1975). Thus, plaintiffs' motion should be analyzed under Federal Rule of Civil Procedure 24(a). Rule 24(a)(2) provides that a timely motion to intervene shall be granted if: (1) the proposed intervenor claims an interest relating to the property or transaction which is the subject of the action; (2) the interest may be impaired; and (3) the interest is not adequately represented by an existing party to the action. See Jenkins by Jenkins v. State of Missouri, 78 F.3d 1270, 1274 (8th Cir. 1996). Further, as a threshold matter, a proposed intervenor under Rule 24 must have Article III standing. Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999). Standing under Article III of the Constitution requires that a would-be litigant make a showing of three elements: (1) an "injury in fact," which is an invasion of a legally protected interest that is concrete, particularized and either actual or imminent; (2) the existence of a causal connection between the alleged injury and the conduct being challenged; and (3) redressability; i.e., that the injury is likely to be remedied by a favorable decision. Id.

The Court finds that movants Boss and Hagedon have standing because they allege injury in fact, i.e., a violation of Title VII, there is a causal connection between their alleged injuries and the conduct of defendant being challenged, and the injury is likely to be remedied by a favorable decision. The Court also finds that Boss and Hagedon's motion to intervene is timely, and they meet the elements of Rule 24(a). The first element is easily satisfied, because Boss and Hagedon claim an interest in the resolution of claims that they suffered sexual harassment at their place of employment. The second and third elements are also satisfied, as the EEOC is entrusted with the obligation to assert the public interest with respect to violations of Title VII, while Boss and Hagedon are

interested in exercising their rights under all available statutory remedies. Boss and Hagedon's rights may be impaired if they are not permitted to intervene to assert these interests.

For these reasons, the motion to intervene should be granted and Boss and Hagedon permitted to file their complaint.

Accordingly,

**IT IS HEREBY ORDERED** that movants Aimee Boss and Morgan Hagedon's motion to intervene is **GRANTED** and they are joined as parties plaintiff in this case. [Doc. 9]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption of this case to read as follows: <u>Equal Employment Opportunity Commission, plaintiff, and Aimee Boss and Morgan Hagedon, intervenor plaintiffs, v. Bodega Bars USA, LLC, d/b/a Mosaic Restaurant, defendant</u>, No. 4:07-CV-1645 CAS. The parties shall use this caption on all future pleadings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the intervenor plaintiffs' complaint, which was submitted as an attachment to the motion for leave.

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this   30th   day of November, 2007.